# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2022

Lyle W. Cayce
Clerk

No. 20-60894
Summary Calendar

Jenny Anabel Gonzalez-Pineda; Angelli Jereh Gonzalez-Gonzalez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 883 994
BIA No. A209 883 995

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Jenny Anabel Gonzales-Pineda, a native and citizen of Honduras, timely petitions this court for review of a decision of the Board of Immigration Appeals (BIA) upholding the denial her asylum, withholding of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60894

removal and Convention Against Torture claims.  Arguing asylum, she asserts that the harm she described is persecution, that she is a member of a cognizable social group, and that this membership is causally linked to the harm.  Gonzales-Pineda argues that the Board abused its discretion by not fully analyzing her withholding claim or by not applying a more relaxed standard for the nexus element of the claim.  Finally, she generally argues that the record supports a finding that it is more likely than not she will be tortured upon removal.

On petition for review of a BIA decision, we review factual findings for substantial evidence and questions of law de novo.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  Accordingly, we reverse only when the evidence compels a contrary conclusion. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

We are not compelled to find that the harm Gonzales-Pineda describes is extreme enough to qualify as persecution.  *See Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020).  Analysis of the other elements she argues is unnecessary because the lack of any one element is fatal to the claim. *See INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976).

As Gonzales-Pineda does not prove the elements of her asylum claim, the BIA correctly held her withholding claim necessarily fails.  *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).  Moreover, we have rejected the argument that a relaxed nexus standard applies to withholding claims.  See *Vazquez-Guerra v. Garland*, 7 F.4th 265, 271 (5th Cir. 2021), *petition for cert. filed* (Oct. 27, 2021) (No. 21-632).

To the extent argument is offered about *Matter of A-C-A-A-*, 28 I. & N. Dec. 84 (Att'y Gen. 2020), we lack jurisdiction to consider it because this argument was not made before the Board and so is unexhausted. *See Gonzalez Hernandez v. Garland*, 9 F.3d 278, 284-86 (5th Cir. 2021)

No. 20-60894

We are not compelled to find that Gonzales-Pineda will, more likely than not, be tortured because the record primarily reflects general conditions of danger and the specific harm that is described does not qualify as persecution, so cannot qualify as torture. *See Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019).

Finally, Gonzalez-Pineda moves for this court to hold proceedings in abeyance pending the outcome of a possible motion to reopen. The motion is denied.

DENIED IN PART; DISMISSED IN PART; MOTION FOR ABEYANCE DENIED.